**Jasdeep S. GREWAL, Petitioner**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 05–3152.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2007.

Filed: Oct. 18, 2007.

David Kaplan, Orlow & Orlow, Philadelphia, PA, for Petitioner.

Sonya F. Lawrence, Office of United States Attorney, Philadelphia, PA, for Respondent.

Before: McKEE, BARRY, and FISHER, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Jasdeep Grewal petitioned for a writ of habeas corpus seeking relief from the summary reinstatement of an order of removal issued in 1995. The District Court transferred the petition to us pursuant to § 106(c) of the Real ID Act of 2005, Pub.L.

109–13, § 106(c), 119 Stat. 231, 311. We will deny the petition for review.

Grewal unlawfully entered the United States in 1992. His application for asylum was denied by an Immigration Judge ("IJ") in 1995. In January 1997, the Board of Immigration Appeals ("BIA") dismissed his appeal because he purportedly failed to attach the necessary documentation in support of his claim. The BIA, however, permitted him voluntary departure. Grewal filed a motion to reopen with the BIA, but did not request either a stay of removal or an extension of the time within which to depart. He voluntarily departed for India on May 3, 1998.

Grewal returned to the United States via Canada in October 2000. In October 2001, apparently unaware of his departure and return, the BIA granted his 1997 motion to reopen [1] and remanded the matter to the IJ. During the proceedings on remand, the IJ initially indicated that she was inclined to grant relief to Grewal. (A.R. 85–87 ("[W]e ought to ... grant him relief and call it a day.").) Grewal then testified that he left the United States on May 3, 1998, i.e. while his motion to reopen was pending. The proceedings were adjourned until May 2002 to allow the parties time to address this "new complication" (A.R.91). When the proceedings recommenced, Grewal testified that he left the United States in May 1998 because he was told he was about to be deported. On May 22, 2002, the IJ terminated the proceedings because, under 8 C.F.R. § 1003.2(d), Grewal effectively withdrew his motion to reopen when he self-deported.[2] In an Oc-

---

1. The BIA concluded that it had separated Grewal's supporting documentation from his appeal and, based on that documentation, Grewal might prevail in his asylum application.

2. This regulation states that "[a]ny departure from the United States ... of a person who is

the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen ... shall constitute a withdrawal of such motion." We note that, over a strong dissent, the Fourth Circuit recently held, following a *Chevron* analysis, that this regulation lacks authority and is invalid.

tober 2003 order, the BIA dismissed the appeal and vacated its 2001 grant of Grewal's motion to reopen, finding that his departure from the United States in May of 1998 divested it of jurisdiction to decide the motion to reopen. Grewal did not seek relief by way of a petition for relief in this Court.

In November 2003, Grewal married a United States citizen who thereafter filed a "Relative Immigrant Visa Petition." The petition was approved, but Grewal was detained upon reporting to the interview with respect to his application for adjustment of status as a lawful permanent resident. The 1995 removal order was reinstated in February 2005.[3] On February 23, 2005, Grewal filed a petition for a writ of habeas corpus in the District Court.

On June 16, 2005, the habeas petition was transferred to this Court pursuant to § 106(c) of the Real ID Act of 2005. Respondent contends that we lack jurisdiction to review the BIA's October 2003 order dismissing his appeal because he did not file a petition for review within the 30–day limitations period of 8 U.S.C. § 1252(b)(1). Grewal's habeas petition, however, was pending on May 11, 2005, the effective date of the Real ID Act. Section 106(c) of the Act, mandating the transfer of habeas petitions to the courts of appeals, states that courts of appeals "shall treat the transferred case as if it had been filed pursuant to a petition for review under [§ 1252], except that subsection (b)(1) of such section shall not apply."

As such, we must treat Grewal's habeas petition as a timely filed petition for review. *See Cabrera–Perez v. Gonzales,* 456 F.3d 109, 114–15 (3d Cir.2006) (holding 30–day time period does not apply to cases transferred pursuant to the Real ID Act); *Medellin–Reyes v. Gonzales,* 435 F.3d 721, 723 (7th Cir.2006) ("[A]ll collateral proceedings ..., [transferred under the Real ID Act], must be treated as timely petitions for review...."). We have jurisdiction to consider constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D). We therefore will consider Grewal's claims in their entirety. Our review is plenary.

Grewal raises three arguments in his petition. First, he claims that the reinstatement in 2004 of the 1995 removal order was unlawful in light of the 2001 BIA grant of the motion to reopen. He claims as well that the BIA's October 2003 order affirming the IJ's 2002 termination of proceedings and vacating of the grant of the motion to reopen was a gross miscarriage of justice.[4] Finally, he argues that the summary procedures set forth in 8 C.F.R. § 241.8 used to reinstate his prior order of removal violated his due process rights.

 With reference to his first argument, Grewal, unfortunately for him, left the United States in 1998, effectively withdrawing his motion to reopen. 8 C.F.R. § 1003.2(d). As a result, the BIA did not have jurisdiction in 2001 to grant the mo-

---

*William v. Gonzales,* 499 F.3d 329 (4th Cir. 2007). Other courts, however, have assumed the validity of the regulation. *See, e.g., Singh v. Gonzales,* 468 F.3d 135 (2d Cir.2006) and *Navarro–Miranda v. Ashcroft,* 330 F.3d 672 (5th Cir.2003). We express no view on this issue as it has not been raised before us.

**3.** A prior removal order may be, and was here, summarily reinstated under 8 U.S.C. § 1231(a)(5).

**4.** Grewal argues that the BIA's admittedly erroneous decision in 1997, combined with the INS's lack of notice to his counsel of his imminent deportation, resulted in his deportation in 1998. He claims that if the INS had notified his counsel, he would have filed for a stay of removal, preserving his motion for reopening. The motion to reopen would have eventually been granted, as it was in 2001.

tion to reopen, and Grewal may not rely upon an order which the BIA had no power to issue to challenge the validity of the 1995 order. *See O'Leary v. Liberty Mut. Ins. Co.,* 923 F.2d 1062, 1066 (3d Cir.1991). Therefore, the 1995 order of removal was valid and could be reinstated under 8 U.S.C. § 1231(a)(5).

■ We also reject Grewal's claim that the BIA's affirmance of the IJ's 2002 termination of the proceedings for lack of jurisdiction was a gross miscarriage of justice. There were, indeed, errors of the BIA and the INS in this case. Nonetheless, Grewal could, and should, have moved for a stay of removal while his 1997 motion to reopen was pending. He also could have sought reconsideration of the BIA's 2003 decision dismissing the appeal of the IJ's order terminating the proceedings on the ground of "gross miscarriage of justice," but did not do so. In any event, we see no gross miscarriage of justice here.

■ Finally, we reject Grewal's contention that the summary procedures of 8 C.F.R. § 241.8 (to implement 8 U.S.C. § 1231(a)(5)) violated his due process rights because a hearing before an IJ would have allowed him to show that he did not unlawfully reenter the United States. The regulations at 8 C.F.R. § 241.8 allow an immigration officer to reinstate a prior order of removal upon making three findings: (1) the alien is subject to a prior order of removal, (2) the identity of the alien, and (3) the alien unlawfully reentered the United States.

We, along with other courts of appeals, have noted some discomfort with the summary nature of these procedures. *See, e.g., United States v. Charleswell,* 456 F.3d 347, 358 (3d Cir.2006) ("[T]here are other, more troubling, questions concerning the adequacy of the reinstatement procedures...."); *Lattab v. Ashcroft,* 384 F.3d 8, 21 n. 6 (1st Cir.2004) ("The summary reinstatement process offers virtually no procedural protections.") *But see Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 495 (9th Cir.2007) (en banc) ("We note at the outset that the regulation provides significant procedural safeguards against erroneous reinstatements."). To date, most courts considering a due process claim have not reached the issue because the petitioners had not shown the requisite prejudice. *See, e.g., Lattab,* 384 F.3d at 21 (noting lack of prejudice where petitioner admitted all elements required by § 1231(a)(5)).

Grewal admitted to "sneak[ing] into the United States without any kind of visa[.]" (A.R. at 120.) This admission is sufficient to satisfy the unlawful reentry requirement for reinstatement. *See* 8 C.F.R. § 241.8. Despite his claim that *Matter of G—,* 3 I. & N. Dec. 136 (BIA 1948), applies to make his entry lawful, Grewal points to no facts in the record to show that he presented himself for inspection when he last entered or otherwise falls within the ambit of *Matter of G—.* Therefore, Grewal did not show that the result would have been different if he had been provided a hearing. Because he failed to demonstrate prejudice attributable to the summary procedures, his due process claim fails. *See Lattab,* 384 F.3d at 20–21.[5]

The petition for review will be denied.

---

5. Grewal argues that he was, in fact, "inspected and admitted" when he last entered the

United States and that the manner of his entry is "crucial" to his pending application

---

for adjustment of status. Reply Br. at 2. Our disposition of the constitutional claim is based on what is a matter of record before us and is

without prejudice to any finding based on additional evidence that DHS might make.